UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RAW FILMS, LTD.,

        Plaintiff,

v.                               **Civil Action No. 3:11cv00532-JAG**

JOHN DOE 1,

        Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO CONTINUE DECEMBER 1 HEARING AND
FOR AN EXTENSION OF TIME TO FILE MEMORANDUM OF LAW**

Plaintiff, Raw Films, Ltd., by counsel and pursuant to Local Rule 7(G), respectfully submits the following Memorandum in Support of its Motion to Continue the hearing currently scheduled for December 1, 2011 and for an extension of time to file its Memorandum of Law.

**INTRODUCTION**

On August 15, 2011, Plaintiff filed a complaint for copyright infringement against Defendants. On August 16, 2011, the Court granted Plaintiff's request for leave to take discovery prior to the Rule 26(f) conference, authorizing it to serve Rule 45 subpoenas on certain internet service providers ("ISPs") in order to obtain the identity of the Defendants. Various Defendants filed Motions to Quash the subpoenas. In a related case (3:11cv531) on October 5, 2011, the Court issued an opinion which (1) severed all Defendants except Doe 1 from the action; (2) quashed all the subpoenas served on the ISPs; and (3) ordered the Plaintiff and its counsel to show cause why the conduct described in the opinion does not violate Rule 11(b). Plaintiff filed, *inter alia,* a Motion for Reconsideration and Response to Show Cause on October 10, 2011.

On October 13, 2011, the Court issued an Amended Memorandum Order. On October 24, 2011, the Court held a hearing on the issues of whether Plaintiff and/or its counsel should be subject to sanctions for violating Rule 11. On October 25, 2011, the Court issued an Order holding that the Plaintiff's joinder of multiple, anonymous defendants in this case will not result in sanction. However, the Court stated that the "issue of whether the above-captioned suit was filed for an improper purpose may be sanctionable." The Court further stated in the October 25, 2011 Order that a "potential conflict exists with respect to plaintiff's counsel, Mr. O'Bryan, representing both himself and his client on the issue of whether the above-captioned suit was filed for an improper purpose. Accordingly, the Court ORDERS the plaintiff to find new counsel" on this issue. The Court set a hearing date of December 1, 2011 to address whether the suit was filed for an improper purpose. On October 28, 2011, the Court denied Plaintiff's Motion for Reconsideration.

On November 9, 2011, the Court issued an Order advising that the Plaintiff may file a memorandum of law prior to the scheduled hearing no later than November 19, 2011.

**STANDARD**

A continuance may be granted for good cause and upon such terms as the Court may impose. *See* Local Rule 7(G). A continuance is within the district court's discretion. *Berry v. Gutierrez*, 587 F.Supp.2d 717, 722 (E.D. Va. 2008) (*citing United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995)).

**ARGUMENT**

Pursuant to the Court's October 25, 2011 Order, the undersigned was recently retained by Plaintiff to represent it in connection with the December 1, 2011 hearing. Given the important issues in contention, the number of pleadings filed already in this case, and the voluminous

2

opinions on this topic nationwide, the undersigned needs more time to prepare for the hearing. Plaintiff and the undersigned want to give very careful consideration to all of the issues raised by the Court, particularly given the impact the Court's ruling can have on matters pending across the country.[1] Moreover, Plaintiff and the undersigned take the Court's contemplation of sanctions very seriously and request more time to prepare a thorough response addressing why this case has absolutely not been filed for an improper purpose.

Plaintiff is asking the Court for a short continuance – to move the hearing date to either December 16, 20 or 21, 2011. No party will be prejudiced by this short delay. These dates are agreeable to Mr. O'Bryan and his counsel and they authorized the undersigned to represent that they support this Motion.

In line with its request for a continuance of the December 1 hearing, Plaintiff also seeks an extension of time to file a memorandum of law thirteen days prior to the new hearing date, should one be granted. The thirteen days is the current amount of time granted by the Court to file a memorandum of law in advance of the December 1, 2011 hearing, as set forth in the Order issued November 9, 2011.

---

[1] *See, e.g., Raw Films, Ltd. v. John Does 1-36,* Case 2:11cv1603, Motion to Quash Subpoena, Dk. No. 11 (D. Az., November 8, 2011) (stating "I feel that plaintiffs' (sic) conduct in this case indicates an improper purpose for the suit. See Raw Films, Ltd., v. Does 1-32, No. CV 3:11cv532-JAG, 2011 U.S. District Richmond, VA."); *K-Beech, Inc. v. Does 1-29*, Case 3:11cv357, Motion to Dismiss, Dk. No. 17 (W.D. N.C., October 21, 2011) (quoting extensively from this Court's opinion); *K-Beech, Inc. v. John Does 1-19*, Case 1:11cv5786, Motion to Quash or Modify Subpoena, Dk. No. 9 (S.D.N.Y. October 13, 2011) (filing this Court's opinion). *See template of "Motion to Quash or Modify Subpoena and Motion to Dismiss" provided at* http://dietrolldie.files.wordpress.com/2011/10/motion_quash_dismiss_fl_-11-24714-ca-22.pdf *(quoting the Court's opinion that "the plaintiff should be required to show cause why certain conduct does not violate Rule 11"). See also Patrick Collins, Inc. v. Does 1-11*, 2011 U.S. Dist. Lexis 128889 (D. Md. November 8, 2011) (finding that joinder was proper "at this procedural juncture", but citing this Court's opinion as one of the examples of the minority courts holding otherwise); *Hard Drive Productions, Inc. v. John Does 1-30*, 2011 U.S. Dist. Lexis 119333 (E.D. Va., Norfolk Division, October 17, 2011) (Magistrate Judge Miller) (quoting almost verbatim from this Court's opinion save for the improper purpose section).

3

## CONCLUSION

For the reasons set forth above, Raw Films, Ltd. respectfully requests that the Court enter an Order continuing the December 1, 2011 hearing to December 16, 20 or 21, 2011 and granting an extension of time for Plaintiff to file a memorandum of law thirteen days prior to the new hearing date and for such other relief the Court deems appropriate.

RAW FILMS, LTD.
By Counsel

/s/ *Wyatt B. Durrette, Jr.*
Wyatt B. Durrette, Jr., Esq. (VSB No. 04719)
Christine Williams, Esq. (VSB No. 47074)
J. Buckley Warden, Esq. (VSB No.
DurretteCrump, PLC
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia 23218-0561
Telephone (804) 775-6900
Facsimile (804) 775-6911

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *Wyatt B. Durrette, Jr.*
Wyatt B. Durrette, Jr.

4